Nicholas J. Ferraro (State Bar No. 306528)
Lauren N. Vega (State Bar No. 306525)
Xavier L. Woodford (State Bar No.  355326)
**Ferraro Vega Employment Lawyers, Inc.**
3333 Camino del Rio South, Suite 300
San Diego, California 92108
(619) 693-7727 main / (619) 350-6855 fax
nick@ferrarovega.com / lauren@ferrarovega.com
xavier@ferrarovega.com

*Attorneys for Plaintiff Noah McMillon*

David R. Markham (SBN 071814)
*dmarkham@markham-law.com*
Lisa Brevard (SBN 323391)
*lbrevard@markham-law.com*
**THE MARKHAM LAW FIRM**
888 Prospect Street, Suite 200
La Jolla, CA 92037
Telephone: (619) 399-3995/Facsimile: (619) 323-1684

*Attorneys for Plaintiff John Plumlee*
[*Additional counsel listed on next page*]

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOAH MCMILLON and JOHN PLUMLEE, individuals and on behalf of others similarly situated,<br><br>        Plaintiffs,<br><br>  vs.<br><br>O'REILLY AUTO ENTERPRISES, LLC; O'REILLY AUTOMOTIVE STORES, INC.; and DOES 1 through 50, inclusive,<br><br>        Defendants. | Case No. 3:25-cv-00711-CAB-SBC<br><br>**CLASS ACTION**<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>1. Failure to Pay All Wages Owed<br>2. Failure to Pay All Overtime Wages<br>3. Meal Period Violations<br>4. Rest Period Violations<br>5. Paid Sick Leave Violations<br>6. Unpaid Vacation Wages<br>7. Untimely Payment of Wages<br>8. Wage Statement Violations<br>9. Waiting Time Penalties<br>10. Failure to Reimburse Business Expenses<br>11. Unfair Competition<br>        **JURY TRIAL DEMANDED** |

Isam Khoury (SBN 58759)
*ikhoury@ckslaw.com*
Maggie Realin (SBN 263639)
*mrealin@ckslaw.com*
**COHELAN KHOURY & SINGER**
605 C St., Suite 200
San Diego, CA 92101
Telephone: (619) 595-3001/Facsimile: (619) 595-3000

Walter Haines (SBN 071075)
whaines@uelglaw.com
**UNITED EMPLOYEES LAW GROUP**
8605 Santa Monica Blvd., #63354
West Hollywood, CA 90069
Telephone: (888) 474-7242/Facsimile: (562) 256-1006

*Attorneys for Plaintiff John Plumlee*

FIRST AMENDED CLASS ACTION COMPLAINT
*McMillon et al. v. O'Reilly Auto Enterprises, LLC*

Plaintiffs NOAH MCMILLON and JOHN PLUMLEE, on behalf of all others similarly situated <u>Plaintiffs</u>") bring this FIRST AMENDED CLASS ACTION COMPLAINT against Defendants O'REILLY AUTO ENTERPRISES, LLC; O'REILLY AUTOMOTIVE STORES, INC.; and DOES 1 through 50, inclusive (collectively "<u>Defendants</u>"), alleging as follows:

## **INTRODUCTION**

1.     This is a class action brought for Defendants' violations of the California Labor Code and Business Professions Code.

2.     Defendants underpaid overtime, paid sick leave, and premiums by failing to include all forms of remuneration in the regular rate of pay calculations.

3.     Defendants failed to pay Plaintiffs and the class members all minimum and overtime wages due to unlawful policies and practices of requiring off-the-clock work.

4.     Defendants failed to provide, authorize, and/or permit Plaintiffs and the class members to take all meal and rest periods to which they were entitled.

5.     Defendants failed to reimburse Plaintiffs and the class members for using their personal cell phones, tools, and vehicles to complete work-related duties.

6.     Defendants' employment policies, practices, and payroll administration systems enabled and facilitated these violations on a company-wide basis with respect to class members.

7.     Plaintiffs seek to recover the underpaid damages, plus associated penalties, interests, attorney's fees and costs.

## **JURISDICTION & VENUE**

8.     Defendant removed this class action to this Court on March 26, 2025 pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d)(2), and 28 U.S.C. §§ 1332(c), 1332(d)(2), 1441(a), 1446, and 1453 from the Superior Court of the State of California, County of San Diego. Venue is proper in the United States District Court, Southern District of California to the extent this Court has jurisdiction under the CAFA and/or diversity jurisdiction.

## PARTIES

**A.    Plaintiff Noah McMillon**

9.    Plaintiff McMillon is an individual over 18 years of age who worked for Defendants in California as a non-exempt employee from about July 2021 to November 2024.  Plaintiff worked as a Store Manager.

**B.    Plaintiff John Plumlee**

10.    Plaintiff Plumlee is an individual over 18 years of age who worked for Defendants in California as a non-exempt employee from about November 2022 to October 2024. Plaintiff worked as an Assistant Manager, Retail Sales Specialist and, Parts Specialist/Parts Professional.

**C.    Defendants**

11.    Defendant O'Reilly Auto Enterprises, LLC is a Delaware limited liability company that maintains operations and conducts business throughout the State of California, including in this county.

12.    Defendant O'Reilly Automotive Stores, Inc., is a Missouri corporation that maintains operations and conducts business throughout the State of California, including in this county.

13.    The true names and capacities, whether individual, corporate, or otherwise, of the parties sued as DOES 1 through 50, are presently unknown, unascertainable, or uncertain, and are sued by such fictitious names under Code of Civil Procedure section 474.  Upon information and belief, each of DOES 1 through 50 constitutes a legal employer or is otherwise legally responsible in some manner for the acts and omissions alleged herein.  This Complaint may be amended to reflect their true names and capacities once ascertained.

14.    Upon information and belief, Defendants in this action are employers, co-employers, joint employers, and/or part of an integrated employer enterprise, as each of the Defendants exercised control over the wages, hours, and working conditions of the employees, suffered and permitted them to work, and otherwise engaged them as employees under California law.

15.    Upon information and belief, at least some of the Defendants have common ownership, common management, interrelationship of operations, and centralized control over labor relations and

FIRST AMENDED CLASS ACTION COMPLAINT
*McMillon et al. v. O'Reilly Auto Enterprises, LLC*

are therefore part of an integrated enterprise and thus jointly and severally responsible for the acts and omissions alleged herein, including pursuant to Labor Code sections 558, 558.1, and 1197.1.

16.    Upon information and belief, Defendants acted in all respects pertinent to this action as an alter-ego, agent, servant, joint employer, joint venturer, co-conspirator, partner, in an integrated enterprise, or in some other capacity on behalf of all other co-defendants, such that the acts and omissions of each defendant may be legally attributable to all others.

## <u>CLASS ALLEGATIONS</u>

17.    This action is brought individually and on behalf of the following class:

a.    All current and former non-exempt employees who worked for Defendants in California at any time from four years (plus the additional 178-day statutory tolling period under Emergency Rule 9) prior to the filing of this action through date of class certification.

18.    Plaintiffs reserve the right to establish various subclass definitions as appropriate at the class certification stage, according to proof.

19.    The class is ascertainable and shares a well-defined community of interest in this litigation pursuant to Federal Rule of Civil Procedure 23:

b.    <u>Numerosity</u>:  The class is estimated to exceed 50 individuals, although the precise membership of the entire class is unknown at this time.  The class is so numerous that joinder of all class members is impracticable.  The identities of class members are ascertainable by inspection of Defendants' employment and payroll records.

c.    <u>Typicality</u>:  Plaintiffs' claims are typical of the claims of the other class members.  They were subject to the same policies and practices of Defendants, which resulted in losses to the class.  Proof of common unlawful business practices, which Plaintiffs experienced, will establish the right of the class to recover on the causes of action alleged herein.

d.    <u>Adequacy</u>:  Plaintiffs are adequate class representatives; will take all necessary steps to protect the class members' interests adequately and fairly; have no

- 4 -

interest antagonistic to other class members; and is represented by attorneys who have substantial experience prosecuting, defending, resolving, and litigating wage and hour class, collective, and representative actions in California state and federal courts.

e.    <u>Superiority</u>: A class action is superior to other means for adjudicating this dispute.  Individual joinder is impractical.  Class treatment will allow for common issues to be resolved in a single forum, simultaneously, and without duplication of effort and expense.

f.    <u>Public Policy Considerations</u>:  Certification of this lawsuit as a class action advances the State of California's strong public interest in ensuring its approximately millions of employed residents are properly paid the wages they earned for the hours they worked.  Class actions provide a mechanism for enforcement of labor laws and allow for vindication of employee rights by unnamed class members.

20.    Common questions of law and fact as to the class members predominate over questions affecting only individual members.  The common questions of law and fact exist as to whether the employment policies and practices formulated by Defendants and applied to the class members constitute violations of California law.

## **GENERAL ALLEGATIONS**

21.    Plaintiffs and class members worked for Defendants as non-exempt employees and were compensated on an hourly basis.

22.    Defendants  failed to pay Plaintiffs and the class members at the lawful minimum wage rate for all hours worked, resulting in unpaid minimum wages. Specifically, Defendants engaged in an unlawful policy and practice of requiring Plaintiffs and the class members to complete work off-the-clock, without compensation. For example, Plaintiffs and other class members would often work through their off-the-clock meal periods due to the demands of the job. As discussed more in detail below, Plaintiffs and the class members' meal periods would be interrupted and/or cut short and they would have to return to work to resolve customer issues or answer phone calls. Due to this unlawful

- 5 -

practice, all hours worked were not directly compensated, resulting in the underpayment of wages to Plaintiffs and the class members.

23.    Furthermore, Plaintiffs and the class members were made to answer phone calls and respond to messages after being clocked out for the day or on days they were not scheduled. For example, Plaintiffs were required to respond to emergency scheduling and operation calls and alarms while off-the-clock sometimes needing to go to the store itself as early as 2 a.m. if an alarm was going off. Plaintiff Plumlee would occasionally be contacted at night to check security at the store. This unlawful practice resulted in off-the-clock work without compensation. Plaintiffs and, on information and belief, other class members were deprived of regular and overtime wages each time Defendants engaged in this unlawful policy and practice of requiring off-the-clock work.

24.    Defendants failed to pay Plaintiffs and the class members overtime wages and the lawful rate of pay for overtime hours worked, resulting in unpaid overtime wages. As described above, Defendants compelled Plaintiffs and other class members to work off-the-clock during unpaid meal periods and after clocking out. Each time this practice resulted in unpaid work over 8 hours in a day or 40 hours in a week, this resulted in unpaid overtime.

25.    Moreover, Defendants failed to pay overtime and double time at the "regular rate of pay." Defendants paid Plaintiffs and class members bonuses, commissions, incentives, and other forms of remuneration that Defendants failed to include in the overtime and double time rates in the pay periods when employees worked overtime hours. Defendants unlawfully paid overtime to Plaintiffs and the class members at 1.5x their straight hourly rate. For each overtime hour worked during the period in which Plaintiffs and the class members earned the additional forms of remuneration, Defendants should have (but failed to) pay overtime "at a rate no less than **one and one-half times the regular rate of pay** for an employee" and "twice the regular rate of pay" for double time hours as required by the plain language of Labor Code section 510(a) and the IWC Wage Orders.

26.    An illustrative example of this violation is shown in Plaintiff McMillon's Wage Report with a pay date of 10/03/2024. Here, Plaintiff earned a non-discretionary payment ("3 Ck Comp SM") in the amount of $120.00. Plaintiff also worked 3.0999 hours of overtime during the same pay period. However, Defendants failed to properly include the additional form of renumeration into Plaintiff's

- 6 -

overtime rate. Thus, Defendants paid Plaintiff overtime at a deficient rate, resulting in the underpayment of overtime wages. Therefore, Defendants failed to pay Plaintiffs and the class members overtime wages at the lawful rate of pay for overtime hours worked, resulting in unpaid overtime wages. Plaintiffs seek to recover for the corresponding overtime rate on behalf of the affected class members.

27.    Defendants failed to comply with California's paid sick leave laws with respect to the class members. Defendants failed to provide Plaintiffs and the class members with all sick leave accrued. To the extent that Defendants provided paid sick leave, they did not pay all sick leave wages at the proper rate of pay because they failed to incorporate the hours that Plaintiffs and the class members worked off-the-clock.

28.    Additionally, each time Plaintiffs and the class members worked off-the-clock that resulted in unpaid overtime, the overtime hours were not accounted for when calculating an employee's accrued paid sick leave. Defendants also failed to include all forms of remuneration into the paid sick leave hourly rate, resulting in depreciated sick pay to the extent any was paid at all. Therefore, Plaintiffs and other class members were not awarded the total accrued sick leave time they had earned.

29.    Defendants maintained an unlawful policy and practice of failing to pay all accrued and unused vacation wages upon separation of employment at the lawful rate of pay, resulting in forfeiture of vested vacation time and wages. As described above, Defendants failed to record all of the time that Plaintiffs and other class members worked for Defendants and undercounted their hours worked. Consequently, Defendants failed to credit the class members with all vacation time they had actually accrued. Therefore, vacation wages were not paid out at the lawful rate of pay inclusive of all earnings.

30.    Defendants failed to provide compliant meal periods to Plaintiffs and the class members to which they were entitled in a manner that complies with California Law. Plaintiffs and other class members routinely experienced missed, late, short, and interrupted meal periods due to pressures to keep up with high demands of the job and understaffing. For example, Plaintiffs and the class members were required to answer customer questions about auto products or respond to phone calls with commercial customers. Often while on break, the cashier line would back up and it would

FIRST AMENDED CLASS ACTION COMPLAINT
*McMillon et al. v. O'Reilly Auto Enterprises, LLC*

turn into an emergency where Defendants would pull Plaintiffs away from their breaks. If they were on the property, they would get stopped and pulled to answer questions from employees and customers. Plaintiff Plumlee does not recall requesting or receiving premiums, and Plaintiff McMillon recalls he was required to email the district manager to request a meal break premium, despite the fact that his meals were interrupted or missed entirely almost daily.

31.    Additionally, when Plaintiffs and other class members were made to work more than 10 or 12 hours, they did not receive a second meal period. As a matter of common policy and practice, Defendants failed to pay Plaintiffs and the class members all meal period premiums owed. Plaintiffs do not recall signing a meal break waiver.

32.    To the extent that Defendants paid meal premiums, Defendants failed to pay them at the regular rate of compensation and the premiums paid did not factor in bonuses, and other forms of remuneration into the regular rate of compensation. An illustrative example of this violation is shown in Plaintiff McMillon's wage report with a pay date of 09/19/2024. Here, Plaintiff earned a meal period premium ("Meal Brk Pen") in the amount of $18.40 and a holiday shift differential ("Holiday Ovt") in the same pay period he earned his meal period premium. However, Defendants failed to properly incorporate all forms of remuneration into Plaintiff's meal period premium pay, resulting in the underpayment of meal period premiums. On information and belief, Defendants committed the meal period premium violation against the other class members as a matter of common payroll administration and company policy in a matter susceptible to common proof.

33.    Defendants failed to provide all rest periods to which employees were entitled and failed to pay all rest period premiums to Plaintiffs and other class members. As stated above, due to the job's high demands, lack of proper staffing, and the profession's nature, Plaintiffs and class members were rarely, if at all, authorized or permitted to take all their rest periods. Defendants required Plaintiffs and the other class members to effectively waive or otherwise forego their rest periods contrary to the law. For example, Plaintiffs and the class members were unable to take their first or second rest periods during their shifts due to high demands and understaffing. For example, Plaintiff McMillon alleges that he was unable to take a rest period when he was the only employee working at the location because he was prevented from scheduling more than one other employee to open with

- 8 -

and the others would often call out, leaving him alone to do all opening procedures. Plaintiff Plumlee would often be the only employee in the early morning hours to assist customers. Furthermore, Plaintiffs and the class members would have their rest periods continually interrupted by customers asking them questions or being pulled away from their breaks to help with a check out line getting overly backed up because of understaffing.

34.     Each time Plaintiffs and the class members experienced non-compliant rest periods, they were owed a rest period premium. As a matter of policy and practice, Defendants failed to pay all owed rest period premiums to employees who were unable to take rest periods. To the extent Defendants ever paid a rest period premium, Defendants violated Labor Code section 226.7 because such premiums were not paid at the "regular rate of compensation" to Plaintiffs and class members, which should have factored in bonuses and other forms of non-excludable remuneration.

35.     Defendants required Plaintiffs and the class members to incur costs for work-related purposes without full reimbursement. In direct consequence of their job duties, Plaintiffs and the class members unavoidably and necessarily incurred these losses, expenditures, costs, and as a matter of policy and practice. For example, Plaintiff McMillon was required to purchase and utilize his personal tools for work-related purposes such as fixing store shelving. Further, although Plaintiff was initially given a work vehicle, it was subsequently taken away for use at another location, after which Plaintiff McMillon was required to use his personal vehicle for work purposes such as making deliveries. Defendants required Plaintiff McMillon to submit reimbursement requests and wait for district manager approval. However, after termination, Plaintiff was locked out from making reimbursement requests despite having used his personal vehicle for work purposes. Plaintiff Plumlee was also required to use his personal vehicle without reimbursement, including for work related travel making trips to the bank. Plaintiff was not compensated for mileage at the IRS rate. Plaintiff was also charged for work uniforms without reimbursement.

36.     Moreover, Defendants required Plaintiffs and the class members to utilize their personal cell phones to complete necessary work tasks, such as fielding calls about scheduling and answering customer questions about products. Plaintiffs and the class members were not reimbursed

FIRST AMENDED CLASS ACTION COMPLAINT
*McMillon et al. v. O'Reilly Auto Enterprises, LLC*

for the expenses associated with cell phone usage. Instead, Plaintiffs and the class members bore the cost of these requirements, without reimbursement.

37.     These violations create derivative liability for failure to timely pay all wages owed each payday or upon separation of employment. Additionally, Defendant failed to pay Plaintiff Plumlee his final paycheck, and violated Labor Code §203 by issuing it as a gift card, causing Plaintiff to incur additional costs.

38.     As a result of the foregoing issues, Defendants failed to provide accurate itemized wage statements to the class members each pay period as a result of the policies and practices set forth in this notice. Defendants violated Labor Code section 226(a)(1) and (5) by not listing the correct "gross wages earned" or "net wages earned," as the employees earned wages and premiums that were not paid, resulting in an inaccurate reflection, and recording of "gross wages earned" on those wage statements.

39.     Likewise, in violation of Labor Code section 226(a)(9), Defendants failed to state on employee wage statements each pay period the applicable hourly rates in effect and the number of hours worked at that rate, as Defendants failed to pay all wages and premiums owed to employees. The amounts stated are instead depreciated and underpaid, resulting in an inaccurate reflection on the pay stub.

40.     Defendants violated Labor Code section 226(a)(2) by failing to accurately list employees' "total hours worked," as the wage statements did not accurately include the uncompensated time Plaintiffs and other class members worked due to Defendants' policy and practice of requiring off-the-clock work.

41.     Because of the polices and practices set forth in this notice, including the failure to accurately account for wages earned or hours worked, Defendants failed to accurately maintain records in accordance with Labor Code section 1174 and the IWC Wage Orders.

FIRST AMENDED CLASS ACTION COMPLAINT
*McMillon et al. v. O'Reilly Auto Enterprises, LLC*

## FIRST CAUSE OF ACTION

### FAILURE TO PAY ALL WAGES OWED

### Violation of Labor Code §§ 200, 218, 1194, 1194.2 and 1197

### (All Claims Alleged by Plaintiffs and Class Members Against All Defendants)

46.     All outside paragraphs of this Complaint are incorporated into this section.

47.     This cause of action is brought pursuant to the IWC Wage Orders and Labor Code §§ 200, 218, 1182.12, 1194, 1194.2, 1197, 1197.1 and 1198 and the IWC Wage Orders (the "Hours and Days of Work" and "Minimum Wages" sections of the applicable orders), which require non-exempt employees be timely paid at least the state or local minimum wage (if higher) for each hour of work, and further provide a private right of action for an employer's failure to pay all minimum wages (plus liquidated damages).  In addition to minimum wages, Labor Code § 200 states that "'wages' includes all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis, or other method of calculation."

48.     Defendants willfully failed in their affirmative obligation to pay Plaintiffs and class members at least the lawful minimum wage for each hour worked in violation of Labor Code sections 1182.12, 1194, 1194.2, 1197, 1197.1 and 1198 and the IWC Wage Orders (the "Hours and Days of Work" and "Minimum Wages" sections of the applicable orders), including payment at the lawful local and county minimum wage ordinances in effect.  As a result, Defendants are liable for all associated damages, including liquidated damages for the minimum wage violations pursuant to Labor Code § 1194.2.

49.     Defendants' unlawful acts and omissions deprived Plaintiffs and class members of minimum, regular and overtime wages in amounts to be determined at trial.  Plaintiffs and class members are entitled to recover the full amount of the unpaid wages, plus liquidated damages in an amount equal to the wages unlawfully unpaid (and interest thereon), in addition to interest, attorneys' fees, and costs to the extent permitted by law, including under Labor Code sections 1194 and 1194.2, 218.6 and any other applicable statutes.

## SECOND CAUSE OF ACTION

### FAILURE TO PAY ALL OVERTIME WAGES

#### Violation of Labor Code §§ 510 and 1194

50.     All outside paragraphs of this Complaint are incorporated into this section.

51.     This cause of action is brought pursuant to the IWC Wage Orders and Labor Code §§ 204, 510, 558, 1194, and 1198, which require non-exempt employees be timely paid overtime wages all overtime hours worked, and which further provide a private right of action for an employer's failure to pay all overtime compensation for overtime hours worked.

52.     Defendants failed in their affirmative obligation to pay Plaintiffs and class members no less than one and one-half times their respective "regular rate of pay" for all hours worked in excess of eight hours in one day, 40 hours in one week, or the first eight hours worked on the seventh day of work in any one workweek, and no less than twice their respective "regular rate of pay" for all hours over 12 hours in one day and any work in excess of eight hours on any seventh day of a workweek for such hours worked, in violation of Labor Code sections 204, 510, 558, 1194, and 1198 and the IWC Wage Orders (the "Hours and Days of Work" sections of the applicable orders).

53.     Plaintiffs and class members are entitled to recover the full amount of the unpaid overtime, in addition to interest, statutory and civil penalties, and attorneys' fees, and costs to the extent permitted by law.

## THIRD CAUSE OF ACTION

### MEAL PERIOD VIOLATIONS

#### Violation of Labor Code §§ 226.7 and 512

54.     All outside paragraphs of this Complaint are incorporated into this section.

55.     This cause of action is brought pursuant to the IWC Wage Orders and Labor Code §§ 226.7, 558 and 512, which require non-exempt employees be provided complaint meal periods (or meal period premiums in lieu thereof), and which further provide a private right of action for an employer's failure to lawfully provide all meal periods and/or pay meal period premiums at the lawful regular rate of compensation.

FIRST AMENDED CLASS ACTION COMPLAINT
*McMillon et al. v. O'Reilly Auto Enterprises, LLC*

56.    Defendants willfully failed in their affirmative obligation to consistently provide Plaintiffs and class members compliant, duty-free meal periods of not less than 30 minutes beginning before the fifth hour of hour for each work period of more than five hours per day and a second duty-free meal period of not less than 30 minutes beginning before the tenth hour of hour of work in violation of Labor Code sections 226.7, 512, 558, 1198 and the IWC Wage Orders (the "Meal Periods" sections of the applicable orders).

57.    Further, Defendants willfully failed in their affirmative obligation to consistently pay Plaintiffs and class members one additional hour of pay at the respective regular rate of compensation for each workday that a fully compliant meal period was not provided, in violation of Labor Code sections 226.7, 512, 558, and 1198 and the IWC Wage Orders (the "Meal Periods" sections of the applicable orders).

58.    Plaintiffs and class members are entitled to recover the full amount of the meal period premiums owed, in addition to interest, statutory and civil penalties, and attorneys' fees, and costs to the extent permitted by law.

## FOURTH CAUSE OF ACTION

### REST PERIOD VIOLATIONS

### Violation of Labor Code §§ 226.7 and 516

59.    All outside paragraphs of this Complaint are incorporated into this section.

60.    This cause of action is brought pursuant to the IWC Wage Orders and Labor Code §§ 226.7 and 516, which require non-exempt employees be authorized to take complaint rest periods (or rest period premiums in lieu thereof), and which further provide a private right of action for an employer's failure to lawfully provide all rest periods and/or pay rest period premiums at the lawful regular rate of compensation.

61.    Defendants willfully failed in their affirmative obligation to consistently authorize and permit Plaintiffs and class members to receive compliant, duty-free rest periods of not less than ten (10) minutes for every four hours worked (or major fraction thereof) in violation of Labor Code sections 226.7, 516, 558, and 1198 and the IWC Wage Orders (the "Rest Periods" sections of the applicable orders).

62.    Further, Defendants willfully failed in their affirmative obligation to consistently pay Plaintiffs and class members one additional hour of pay at the respective regular rate of compensation for each workday that a fully compliant rest period was not provided, in violation of Labor Code sections 226.7, 516, 558, and 1198 and the IWC Wage Orders.

## FIFTH CAUSE OF ACTION

### FAILURE TO PAY ALL PAID SICK LEAVE WAGES

### Violation of Labor Code §§ 200, 218, 246 *et seq.*

63.    All outside paragraphs of this Complaint are incorporated into this section.

64.    Defendants knowingly and intentionally failed in their affirmative obligation to pay sick leave wages to Plaintiffs and a paid sick leave subclass in violation of Labor Code section 246 *et seq.*  Paid sick leave earnings constitute wages for purposes of California wage and hour law. (*Murphy v. Kenneth Cole Productions, Inc.* (2007) 40 Cal.4th 1094, 1103 ["Courts have recognized that 'wages' also include those benefits to which an employee is entitled as a part of his or her compensation, including money, room, board, clothing, vacation pay, and sick pay"].)

65.    Labor Code section 246(l), in conjunction with Labor Code section 248 *et seq.*, 248.1, 248.2, and 248.6, in addition to the applicable County sick pay ordinances in locales worked by class members, govern how Defendants were required to calculate paid sick leave.

66.    Defendants failed to pay Plaintiffs and class members their paid sick leave wages at one of the lawful rates set forth in the statute or ordinance because Defendants failed to include in their sick leave calculation the additional remuneration received by Plaintiffs and class members (i.e., at the regular rate of pay and/or calculated based on total wages earned).

67.    Furthermore, to the extent the paid sick leave paid constitutes Covid-related paid sick leave, Defendants knowingly and intentionally failed in their affirmative obligation to pay Covid-19 Supplemental Sick Leave wages to class members at the correct accrual rate or hourly pay rate in violation of Labor Code sections 246, 248.1, 248.2, and 248 *et seq.*

68.    As a result, Defendants violated the Labor Code and are liable to Plaintiffs and class members for underpaid sick leave wages, in addition to interest, attorneys' fees, and costs.

## SIXTH CAUSE OF ACTION

### UNPAID VACATION WAGES

### Violation of Labor Code §§ 201, 202, 203, and 227.3 and 1194, and 1198

69.     All outside paragraphs of this Complaint are incorporated into this section.

70.     This cause of action is brought by an unpaid vacation wages subclass pursuant to Labor Code §§ 200, 201, 202, 203, and 227.3 and 1194, and 1198, which require non-exempt employees be timely paid all vested vacation wages at their final rate of pay upon separation of employment, and which further provide a private right of action for an employer's timely failure to pay all vacation compensation upon termination.

71.     Defendant offered Plaintiffs and class members an employment contract or policy providing for the accrual of vacation and/or paid time off.  Plaintiffs and class members accrued vacation and/or PTO pursuant to the contract or policy.

72.     Upon separation of Plaintiffs and class members, Defendants willfully failed in their affirmative obligation to timely pay Plaintiffs and class members all accrued but unused vacation at their final rate during their employment with Defendants, in violation of Labor Code sections 201(a), 202(a), and 227.3.

73.     Plaintiffs and class members are entitled to recover the full amount of the accrued vacation wages owed, in addition to interest, statutory and civil penalties, and attorneys' fees, and costs to the extent permitted by law.

## SEVENTH CAUSE OF ACTION

### UNTIMELY PAYMENT OF WAGES

### Violation of Labor Code §§ 204, 210, 218

74.     All outside paragraphs of this Complaint are incorporated into this section.

75.     This cause of action is brought pursuant to the IWC Wage Orders and Labor Code §§ 204, 204b, and 210 which require non-exempt employees be timely paid all wages owed each pay period, and which further provide a private right of action for an employer's failure to comply with this obligation.  Labor Code § 218 authorizes individuals to sue directly for wages and penalties due under these sections, including Labor Code § 210(c)'s statutory late payment penalties.

76.    Defendants willfully failed in their affirmative obligation to timely pay all wages, including paid sick leave and meal and rest premiums, earned by Plaintiffs and class members twice during each calendar month on days designated in advance by the employer as regular paydays (for employees paid on a non-weekly basis) and on the regularly-scheduled weekly payday for weekly employees, if any, in violation of Labor Code sections 204 and 204b and the IWC Wage Orders (the "Minimum Wages" sections of the applicable orders).

77.    Plaintiffs and class members are entitled to recover the full amount of the unpaid wages, in addition to a statutory penalty in the amount of $100 for the initial violation for each failure to pay each employee and $200 for all subsequent violations and for all willful or intentional violations for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld under provided in Labor Code § 210, in addition to interest, attorneys' fees, and costs to the extent permitted by law.

## EIGHTH CAUSE OF ACTION

### WAGE STATEMENT VIOLATIONS

#### Violation of Labor Code § 226

78.    All outside paragraphs of this Complaint are incorporated into this section.

79.    This cause of action is brought by a wage statement subclass pursuant to Labor Code § 226(a) which requires non-exempt employees be provided accurate itemized wage statements each pay period, and which further provide a private right of action for an employer's failure to comply with this obligation.

80.    Defendants knowingly and intentionally failed in their affirmative obligation to provide accurate itemized wage statements to Plaintiffs and class members resulting in injury to Plaintiffs and class members.  Specifically, the wage statements issued to Plaintiffs and class members did not accurately state each pay period all of the information required by Labor Code § 226(a)(1)-(9).

81.    Defendants' unlawful acts and omissions deprived Plaintiffs and class members of accurate itemized wage statements, causing confusion and concealing wage and premium underpayments.

82.    As a result, Plaintiffs and class members are entitled to recover the statutory penalty of $50 per employee for the initial pay period in which a violation occurred and $100 per employee for

each violation in a subsequent pay period, up to an aggregate penalty of $4,000 per employee, in addition to interest, attorneys' fees, and costs to the extent permitted by law, including under Labor Code section 226(e).

**NINTH CAUSE OF ACTION**

**WAITING TIME PENALTIES**

**Violation of Labor Code §§ 201 *et seq*.**

83.     All outside paragraphs of this Complaint are incorporated into this section.

84.     This cause of action is brought by a waiting time subclass pursuant to Labor Code §§ 201 through 203, which require an employer to timely pay all wages earned upon termination of employment, and which further provide a private right of action to recover statutory waiting time penalties each day an employer fails to comply with this obligation, up to a maximum of 30 days wages.

85.     Defendants willfully failed and continue to fail in their affirmative obligation to pay all wages earned and unpaid to Plaintiffs and class members immediately upon termination of employment or within 72 hours thereafter for employees who did not provide at least 72 hours prior notice of his or her intention to quit, and further failed to pay those sums for 30 days thereafter in violation of Labor Code sections 201 through 203 and the IWC Wage Orders.

86.     Plaintiffs and class members are entitled to recover a waiting time penalty for a period of up to 30 days, in addition to interest, attorneys' fees, and costs to the extent permitted by law.

**TENTH CAUSE OF ACTION**

**FAILURE TO REIMBURSE BUSINESS EXPENSES**

**Violation of Labor Code § 2802**

87.     All outside paragraphs of this Complaint are incorporated into this section.

88.     Defendants willfully failed in their affirmative obligation to reimburse Plaintiffs and a reimbursement subclass for all necessary expenditures, losses, expenses, and costs incurred by them in direct discharge of the duties of their employment, in violation of Labor Code section 2802.

89.     Defendants' unlawful acts and omissions deprived Plaintiffs and class members of lawful reimbursements for business expenses in amounts to be determined at trial. Plaintiffs and class

- 17 -

members are entitled to recover the amount unreimbursed expenses of Plaintiffs and class members in addition to interest, attorneys' fees, and costs to the extent permitted by law, including under Labor Code section 2802.

## ELEVENTH CAUSE OF ACTION

### UNFAIR COMPETITION

#### Violation of Business and Professions Code §§ 17200 *et seq.*

90.    All outside paragraphs of this Complaint are incorporated into this section.

91.    Defendants have engaged and continue to engage in unfair and/or unlawful business practices in the State of California in violation of California Business and Professions Code § 17200 by committing the foregoing wage and hour violations alleged throughout this Complaint.

92.    Defendants' dependence on these unfair and/or unlawful business practices deprived Plaintiffs and continue to deprive other class members of compensation to which they are legally entitled, constitutes unfair and/or unlawful competition, and provides an unfair advantage to Defendants over competitors who have been and/or are currently employing workers in compliance with California's wage and hour laws.  These failures constitute unlawful, deceptive, and unfair business acts and practices in violation of Business and Professions Code section 17200 *et seq.*

93.    Plaintiffs are victims of Defendants' unfair and/or unlawful conduct alleged in this Complaint, and Plaintiffs, as individuals and on behalf of others similarly situated, seeks full restitution of the moneys as necessary and according to proof to restore all monies withheld, acquired, and/or converted by Defendants pursuant to Business and Professions Code §§ 17203 and 17208.

94.    Plaintiffs do not have an adequate remedy at law for past or future violations, to the extent the statute of limitations on each of the alleged causes of action do not extend to the four year limitation provided under the UCL or to the extent the underlying Labor Code and IWC Wage Order violations do not provide a private right of action.

95.    Plaintiffs and class members are entitled to injunctive relief against Defendants, restitution, and other equitable relief to return all funds over which Plaintiffs and class members have an ownership interest and to prevent future damage and the public interest under Business and Professions Code § 17200 *et seq.*  Plaintiffs and class members are further entitled to recover interest,

- 18 -

attorneys' fees, and costs to the extent permitted by law, including under Code of Civil Procedure § 1021.5.

## **PRAYER**

Plaintiffs pray for judgment as follows:

a. For certification of this action as a class action;

b. For appointment of Plaintiffs as class representatives;

c. For appointment of above-captioned counsel for Plaintiffs as Class Counsel;

d. For division of class members into appropriate classes and/or subclasses according to proof;

e. For recovery of all statutory penalties and liquidated damages;

f. For disgorgement of all amounts wrongfully obtained to the extent permitted by law;

g. For restitution and injunctive relief;

h. For attorneys' fees and costs of suit, including expert fees, to the extent permitted by law, including (without limitation) under Labor Code §§ 218.5, 226, 1194, 2802 and Code of Civil Procedure § 1021.5.;

i. For recovery of damages in amount according to proof;

j. For all recoverable pre- and post-judgment interest; and

k. For such other relief the Court deems just and proper.

Dated: July 8, 2025   ***Ferraro Vega Employment Lawyers, Inc.***

*Nicholas J. Ferraro*
_____
Nicholas J. Ferraro
Xavier L. Woodford
*Attorneys for Plaintiff Noah McMillon*

### THE MARKHAM LAW FIRM

By: _____
David R. Markham
Lisa Brevard

FIRST AMENDED CLASS ACTION COMPLAINT
*McMillon et al. v. O'Reilly Auto Enterprises, LLC*

**COHELAN KHOURY & SINGER**
Isam Khoury
Maggie Realin
*Attorneys for Plaintiff John Plumlee*

### **DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury for themselves and the members of the class on all claims so triable.

DATED: July 8, 2025            *Ferraro Vega Employment Lawyers, Inc.*


Nicholas J. Ferraro
Xavier L. Woodford
*Attorneys for Plaintiff Noah McMillon*


**THE MARKHAM LAW FIRM**

By: _____
      David R. Markham
      Lisa Brevard

**COHELAN KHOURY & SINGER**
Isam Khoury
Maggie Realin
*Attorneys for Plaintiff John Plumlee*

FIRST AMENDED CLASS ACTION COMPLAINT
*McMillon et al. v. O'Reilly Auto Enterprises, LLC*